IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-690-FL

| | | |
|---|---|---|
| HARGROVE, BRANDEN D, as Agent on behalf of LATONYIA HARGROVE, Principal, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| SECURITY FIRST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss (DE 13), plaintiff's motions in opposition to defendant's motion (DE 16, 18), and plaintiff's motion for leave to file a supplemental memorandum (DE 17). For the following reasons, defendant's motion is granted, and plaintiff's motions are denied.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, began this contract and commercial tort suit on December 4, 2024. Plaintiff presents claims for 1) breach of contract; 2) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (the "TILA"); and 3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"). Plaintiff seeks actual and statutory damages, plus interest, penalties, and attorneys' fees.

Defendant moves to dismiss all claims under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Plaintiff responded in opposition and filed the instant motions styled as a "motion in opposition," a "motion for leave to file supplemental memorandum," and a "supplemental motion

1

in opposition," (DE 16, 17, 18), relying upon two documents titled "affidavit of agency," and correspondence between defendant and Latonyia Hargrove. (DE 19-2, 19-3, 20-1).

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. On July 21, 2023, the parties entered into a loan agreement for $30,000, of which $13,215.80 remains unpaid. (Compl. (DE 1) ¶ 1).[1] Plaintiff has a durable power of attorney over Latonyia Hargrove. (Id. ¶ 2). Plaintiff attempted to tender payment to defendant three times, but defendant refused to accept the payments and did not credit them against the loan balance. (Id. ¶¶ 3–4). Plaintiff submitted "an inquiry regarding use of principal and credit application for LATONYIA HARGROVE/Principal to further clarify the terms of the agreement and request compliance from defendant," which defendant ignored. (Id. ¶¶ 6–7 (capitalization in original)).

## COURT'S DISCUSSION

A.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[2] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts

---

[1]      Though plaintiff claims he entered into this loan agreement, its documentation, which he attaches to the complaint, shows that only Latonyia Hargrove entered into the loan. (See Compl. Ex. B (DE 1-2) 10).

[2]      Internal citations and quotation marks are omitted from all citations unless otherwise specified.

2

alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.    Discussion

The court addresses plaintiff's motions first before turning to defendant's motion to dismiss.

1.    Plaintiff's Motions

Plaintiff's filings are styled as "motions," but do not request any relief other than the denial of defendant's motion to dismiss. (See generally Mot. in Opp'n (DE 16); Suppl. Mot. in Opp'n (DE 18)). The court has considered these documents fully in its analysis of defendant's motion below, but these filings are not properly characterized as "motions," and accordingly are denied. Because the court has considered all of plaintiff's filings, his motion for leave to file a supplemental brief is terminated as moot.

2.      Defendant's Motion

Defendant argues that plaintiff lacks standing to litigate claims for another person, and in the alternative presents merits arguments against the claims. The court agrees with defendant's standing points and so does not reach the merits.

Standing under Article III is "a bedrock constitutional requirement" which serves to limit the powers of federal courts to adjudicate only cases and controversies. FDA v. All. for Hippocratic Med., 602 U.S. 367, 378 (2024). To establish standing to sue, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Id. at 380. Because the second and third requirements are "often flip sides of the same coin[,]" the "two key questions" in most standing disputes are injury and causation. Id. at 380–81.

The complaint plainly shows on its face that plaintiff is a pro se litigant attempting to present the claims of another person under a supposed power of attorney. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. This statute reflects the "general rule that a person may not represent another person or entity pro se." Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020). Possession of "power of attorney" over somebody does not authorize a person to litigate pro se on another person's behalf, and attempting to do so may constitute the unauthorized practice of law. See Reynolds v. United States, 7:22-cv-178-FL, 2023 WL 5826901, at *7 (E.D.N.C. July 21, 2023); Bank of Am. Inc. v. Campbell, No. 1:12cv269, 2012 WL 1951820, at *2–3 (M.D.N.C. May 30, 2012) (collecting cases); N.C. Gen. Stat. § 84-4 ("it shall be unlawful for any person, except

4

active members of the Bar of the State of North Carolina . . . to appear as attorney or counselor at law . . . except in his own behalf as a party").

Plaintiff attempts to litigate on behalf of somebody else, and his supposed "power of attorney" does not remedy the jurisdictional issue that he therefore lacks standing, because he has personally sustained no injury.  See FDA, 602 U.S. at 380.  Plaintiff's summary assertion repeated in his filings that he possesses standing though a power of attorney has no basis in applicable law. See id.; 28 U.S.C. § 1654; Wojcicki, 947 F.3d at 246.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 13) is GRANTED, and plaintiff's claims are DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(b)(1).  Plaintiff's motions in opposition to defendant's motion (DE 16, 18) are DENIED, and plaintiff's motion for leave to file a supplemental memorandum in opposition (DE 17) is TERMINATED AS MOOT.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of April, 2025.


_____
LOUISE W. FLANAGAN
United States District Judge