IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-690-FL

| | | |
|---|---|---|
| HARGROVE, BRANDEN D, as Agent on behalf of LATONYIA HARGROVE, Principal, | ) ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| SECURITY FIRST BANK, | ) ) | |
| Defendant. | ) | |

This matter is before the court upon plaintiff's motion to reconsider (DE 23).  For the following reasons, this motion is denied.

## BACKGROUND

Plaintiff, proceeding pro se, began this contract and commercial tort suit on December 4, 2024.  Plaintiff presented claims for 1) breach of contract; 2) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (the "TILA"); and 3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA").  Plaintiff sought actual and statutory damages, plus interest, penalties, and attorneys' fees.

Defendant moved to dismiss all claims under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  The court granted that motion on April 21, 2025, after concluding that plaintiff lacked standing and hence that subject matter jurisdiction did not exist.  Plaintiff filed the instant motion for reconsideration on April 30, 2025, relying upon an affidavit.  Defendant responded and plaintiff replied.  The issues raised are now ripe for decision.

1

**COURT'S DISCUSSION**

Rule 59(e) allows "[a] motion to alter or amend a judgment ... no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). The United States Court of Appeals for the Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555. "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637.

Defendant argues that relief under Rule 59 is improper because plaintiff attempts to pivot to an entirely new legal theory that was not presented before, and in the alternative that plaintiff lacks standing even under his new theory. The latter point is correct, so the court need not address the former.[1]

Plaintiff now attempts to argue for standing on the basis that he has fiduciary control, and a beneficial interest, over the estate of Latonyia Hargrove, and that his injuries derive from such status.[2] However, plaintiff still fails to point to any injury to him, notwithstanding his summary statement that he asserts his own legal rights. (See generally Mot. Reconsider (DE 23)). He ties these rights, indeed, to his mere status as the agent of the estate of Latonyia Hargrove, but fails to

---

[1]    Plaintiff's contention, raised in his reply, that defendant's response brief is untimely and should not be considered, is meritless. The response brief was filed within 21 days of plaintiff's motion, rendering it timely under this court's Local Rules. See Local Civ. R. 7.1(f)(1).

[2]    Despite the label "estate," Latonyia Hargrove is not deceased. (See Affidavit (DE 23-1) ¶ 3).

point to any injury to either himself personally, or to the entity he purportedly represents. (See id. at 1). Even if plaintiff has, as he argues, a pecuniary interest in the outcome of the suit as a result of this status, he remains similarly situated to "somebody who has placed a wager upon the outcome" of the suit, and so lacks standing. Vt. Agency of Nat. Resources v. United States ex rel. Stevens, 529 U.S. 765, 772–73 (2000). Without a personal injury of his own, which none of plaintiff's filings has established, he lacks standing through his mere status as a possible beneficiary of a recovery at some point in the future. See id.

Accordingly, plaintiff lacks standing even under his new legal theory. This case remains dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, plaintiff's motion for reconsideration (DE 23) is DENIED.

SO ORDERED, this the 23rd day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

3